UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal Insurance Company, as subrogee of HealthPartners, Inc., | Civil No.: _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| Steris Corporation and Siemens Canada Limited, | |
| Defendants. | |

COMES NOW Plaintiff Federal Insurance Company, as subrogee of HealthPartners, Inc., by and through its attorneys, Cozen O'Connor and O'Neill & Murphy, LLP, and complaining of Defendants Steris Corporation and Siemens Canada Limited, states as follows:

## The Parties

1.  Plaintiff Federal Insurance Company ("Federal"), is a corporation duly organized under the laws of the State of Indiana, and is a member of the Chubb Group of Insurance Companies, and has its principal place of business at 15 Mountainview Road, Warren, New Jersey, 07059.  At all relevant times, Federal has been in the insurance business and has been duly licensed to issue policies of insurance in the State of Minnesota.

2.  Plaintiff's subrogor, HealthPartners, Inc. ("HealthPartners") is a corporation located at 435 Phalen Boulevard, Saint Paul, Minnesota.

3. Prior to February 10, 2009, Federal issued its policy of insurance, No. 00035829646/0014 to HealthPartners (hereinafter the "Policy"), which Policy provided coverage for the property damage incurred by HealthPartners, which is the subject of this proceeding. At all times material to this action, said Policy was in full force and effect.

4. Upon information and belief, Defendant Steris Corporation ("Steris") is, and at all relevant times, was an Ohio corporation, having its principal place of business at 5960 Heisley Road, Mentor, Ohio, 44060. At all times material to this action, Steris has been engaged, *inter alia*, in the business of manufacturing and selling infection protection and contamination control products.

5. Upon information and belief, Defendant Siemens Canada Limited ("Siemens") is and at all relevant times was a Canadian corporation, having its principal place of business at 1550 Appleby Line, Burlington, Ontario, Canada, L7L 6X7. At all times material to this action, Siemens was engaged, *inter alia*, in the business of manufacturing and selling electrical components and services to other industries.

## Jurisdiction and Venue

6. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims at issue occurred within this District and Defendants are subject to personal jurisdiction within this District.

## Nature of the Action

8. On February 10, 2009, a fire originated in the electrical system within HealthPartners' instrument sterilizing/disinfecting washer, which was manufactured by Steris. Smoke from the fire penetrated an adjacent surgical supply room, damaging the inventory in that room.

9. Subsequent testing indicated that a defective electrical contact, within the instrument sterilizing/disinfecting washer, manufactured by Siemens, was the cause of the fire.

## COUNT I — Breach of Implied Warranty — Steris

10. Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

11. Defendant Steris impliedly warranted, *inter alia*, that the subject instrument sterilizing/disinfecting washer, manufactured by Steris, was of merchantable quality and fit for the purpose for which it was intended.

12. Defendant Steris breached the implied warranty by failing, with due care, diligence, and with its professional expertise and knowledge standard in the industry, to manufacture, assemble, and/or inspect the subject instrument sterilizing/disinfecting washer and/or its component parts according to the proper specification.

13. Specifically, Defendant Steris breached the aforesaid warranty to Plaintiff in at least the following ways:

      a.      The subject instrument sterilizing/disinfecting washer and/or its component parts was improperly assembled, and/or was manufactured with inappropriate components, which unreasonably caused the end product to fail; and/or

      b.      The subject instrument sterilizing/disinfecting washer was improperly inspected and/or tested, unreasonably causing the end product to fail.

14. At all times relevant herein, the subject instrument sterilizing/disinfecting washer was being used in the ordinary manner and purpose for which it was intended and as reasonably foreseeable by Defendant Steris.

15. As a direct and proximate result of the breach by Defendant Steris of its implied warranty, as set forth above, the subject instrument sterilizing/disinfecting washer failed and caused damage to Plaintiff Federal's subrogee HealthPartners in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

## COUNT II — Breach of Implied Warranty — Siemens

16. Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

17. Siemens implied warranted, *inter alia,* that the subject electrical component was of merchantable quality and fit for the purpose for which it was intended.

18. Defendant Siemens breached the warranty by failing, with due care, diligence, and with its professional expertise and knowledge standard in the industry, to manufacture, assemble, and/or inspect the subject electrical product or its component parts according to the proper specification.

19. Specifically, Defendant Siemens breached the aforesaid warranty to Plaintiff in at least the following ways:

    a. The subject electrical contact and/or its component parts was improperly assembled, and/or was manufactured with inappropriate components, which unreasonably caused the ultimate end product to fail; and/or

    b. The subject product was improperly inspected and/or tested, unreasonably causing the ultimate end product to fail.

20. At all times relevant herein, the subject product was being used in the ordinary manner and purpose for which it was intended and as reasonably foreseeable by Defendant Siemens.

21. As a direct and proximate result of the breach by Defendant Siemens of its implied warranty, as set forth above, the subject product failed and caused damage to Plaintiff Federal, as subrogee of HealthPartners, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

### COUNT III — Negligence — Siemens

22. Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

23. At all relevant times, Siemens, through its agents and/or employees, owed and undertook a duty to Plaintiff's insured to manufacture and sell the subject electrical component for the instrument sterilizing/disinfecting washer in a reasonably safe condition.

24. Notwithstanding the aforesaid duties, and in breach thereof, Defendant Siemens, through its agents and/or employees, committed one or more of the following acts and/or omissions:

    a. Failed to sell said electrical component in a condition suitable for use as intended;

    b. Failed to adequately inspect the electrical component to ensure that it was suitable for use in an instrument sterilizing/disinfecting washer and able to perform in a reasonably expectable manner;

    c. Knew or should have known that the electrical contact was not appropriate for use as designed and/or manufactured;

    d. Failed to apply the degree of skill which would customarily be brought to the design, manufacture and/or sale of such an electrical contact;

    e. Failed to apply the degree of care which would customarily be brought to the design, manufacture and/or sale of such an electrical contact;

    f. Failed to comply with the manufacturer's own specifications for the manufacture of said electrical contact;

    g. Failed to adequately inspect and/or test the subject electrical contact at the completion of the manufacturing process; and/or

    h. Was otherwise careless or negligent.

25. As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant Siemens, the aforementioned electrical contact malfunctioned and caused the instrument sterilizing/disinfecting washer to combust, resulting in damage to the instrument sterilizing/disinfecting washer and to the contents of HealthPartners, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

## **COUNT IV—Negligence—Steris**

26. Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

27. At all relevant times, Defendant Steris, through its agents and/or employees, owed and undertook a duty to Plaintiff's insured to sell the subject instrument sterilizing/disinfecting washer in a reasonably safe condition.

28. Notwithstanding the aforesaid duties, and in breach thereof, Defendant Steris, through its agents and/or employees, committed one or more of the following acts and/or omissions:

a. Failed to sell said instrument sterilizing/disinfecting washer in a condition suitable for use as intended;

b. Failed to adequately inspect the instrument sterilizing/disinfecting washer to ensure that it was suitable for use and able to perform in a reasonably expectable manner;

c. Knew or should have known that the instrument sterilizing/disinfecting washer was not appropriate for use as it was designed;

d. Failed to apply the degree of skill which would customarily be brought to the design, manufacture and/or sale of such an instrument sterilizing/disinfecting washer;

e. Failed to apply the degree of care which would customarily be brought to the design, manufacture and/or sale of such an instrument sterilizing/disinfecting washer;

f. Failed to comply with the manufacturer's own specifications for the manufacture of said instrument sterilizing/disinfecting washer;

  g. Failed to adequately inspect and/or test the subject instrument sterilizing/disinfecting washer at the completion of the manufacturing process; and/or

  h. Was otherwise careless or negligent.

29. As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant Steris, the aforementioned instrument sterilizing/disinfecting washer malfunctioned and combusted, resulting in damage to the instrument sterilizing/disinfecting washer and to the contents of HealthPartners in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

### COUNT V — Strict Liability — Siemens

30. Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

31. The aforementioned electrical contact within the Steris instrument sterilizing/disinfecting washer was in a defective condition when it left the possession of the manufacturer, Siemens.

32. The subject electrical contact within the Steris instrument sterilizing/disinfecting washer was unreasonably dangerous to the property owned by the Plaintiff's insured.

33. The defective condition of the electrical contact within the Steris instrument sterilizing/disinfecting washer was dangerous to the property owned by Plaintiff's insured.

34.     The defective condition of the electrical contact within the Steris instrument sterilizing/disinfecting washer was the cause of the fire and the resulting damages.

35.     Siemens is engaged in the business of designing, manufacturing and selling products, such as the subject electrical contact.

36.     Siemens expected the electrical contact to, and it did, reach its final destination, resulting in a purchase of the subject Steris instrument sterilizing/disinfecting washer by Plaintiff's subrogor, HealthPartners, without substantial change in the condition in which it was sold.

## COUNT VI — Strict Liability — Steris

37.     Plaintiff re-alleges each and every paragraph asserted above and incorporates the same herein by reference.

38.     The aforementioned instrument sterilizing/disinfecting washer was in a defective condition when it left the possession of the manufacturer, Steris.

39.     The subject instrument sterilizing/disinfecting washer was unreasonably dangerous to the property owned by the Plaintiff's insured.

40.     The defective condition of the Steris instrument sterilizing/disinfecting washer was dangerous to the property owned by the Plaintiff's insured.

41.     The defective condition of the Steris instrument sterilizing/disinfecting washer was the cause of the fire and the resulting damages.

42.     Steris is engaged in the business of designing, manufacturing and selling products, such as the subject instrument sterilizing/disinfecting washer.

43.     Steris expected the instrument sterilizing/disinfecting washer to, and it did, reach its final destination, a purchase by Plaintiff's subrogor, HealthPartners, without substantial change in the condition in which it was sold.

44.     HealthPartners used the instrument sterilizing/disinfecting washer for its intended purpose and/or in a manner reasonably foreseeable to Steris.

WHEREFORE, for the reasons set forth above, Plaintiff prays that judgment be entered in its favor and against Defendants for its provable damages in an amount in excess of $75,000.00, together with interest, costs and attorneys' fees, and such other relief as may be properly awarded by this Court.

Dated:    1/10/2011                         /s/ Stephen M. Warner
                                            Patrick H. O'Neill, Jr. (#0207950)
                                            Stephen M. Warner (#0271275)
                                            **O'NEILL & MURPHY, LLP**
                                            332 Minnesota Street, Ste. W2600
                                            Saint Paul, MN 55101-1355
                                            (651) 292-8100 | Fax: (651) 292-8111
                                            poneill@o-mlaw.com; swarner@o-mlaw.com

                                            - and -

                                            Larry R. Eaton
                                            **COZEN O'CONNOR**
                                            333 West Wacker Drive, Ste. 1900
                                            Chicago, IL  60606-1293
                                            (312) 382-3197 | Fax: (312) 382-8910
                                            leaton@cozen.com

                                            **Attorneys for Plaintiff**