# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal Insurance Company,<br>as subrogee of HealthPartners, Inc.,<br><br>       Plaintiff,<br><br>v.<br><br>Steris Corporation and Siemens Canada<br>Ltd.,<br><br>       Defendant. | Case No. 11-cv-00078 (SRN/AJB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Larry R. Eaton, Cozen O'Connor, 333 West Wacker Drive, Suite 1900, Chicago, IL
60606 and Patrick H. O'Neill, Jr. and Stephen M. Warner, O'Neill & Murphy, LLP, 332
Minnesota Street, Suite W2600, St. Paul, MN 55101, for Plaintiff.

Jessica A. Megorden,  Nicholas H. Jakobe, and  Patrick D. Reilly, Erstad & Riemer, PA,
8009 - 34th Avenue South, Suite 200, Minneapolis, MN 55425-4409, for Defendant
Steris Corporation.

Alana K. Bassin and Patrick L. Arneson, Bowman & Brooke LLP, 150 South 5th Street,
Suite 3000, Minneapolis, MN 55402 and John T. Richmond , Jr., Husch Blackwell LLP,
190 Carondelet Plaza, Suite 600, St. Louis, MO 63105, for Defendant Siemens Canada
Limited.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Siemens Canada Limited's ("Siemens

Canada") Objection to Chief Magistrate Judge Arthur J. Boylan's September 25, 2012

Order denying Siemens Canada's Motion for a Protective Order.  (Doc. No. 69.)  For the

reasons state below, the Court respectfully declines to adopt Chief Magistrate Judge

Boylan's September 25, 2012 Order on the grounds that Siemens Canada's objection is now

moot.

## I.    BACKGROUND

On March 29, 2011, Siemens Canada filed a Motion to Dismiss the Complaint for lack of personal jurisdiction.  (Doc. No. 9.)  The Court held a hearing on August 25, 2011 and then issued an Order dated August 26, 2011 denying Siemens Canada's Motion without prejudice and allowing Plaintiff Federal Insurance Company ("Federal Insurance") and Defendant Steris Corporation ("Steris") to conduct limited discovery related to personal jurisdiction.  (Doc. No. 28.)

Federal Insurance subsequently served interrogatories and document requests related to the issue of personal jurisdiction.  (Def. Siemens Canada Ltd.'s Objection, Doc. No. 69, at p. 2.)  On November 8, 2011, after a discovery conference with Chief Magistrate Judge Boylan, Siemens Canada responded to the interrogatories and document requests.  (Id.)

Six months later, in May 2012, Steris served a Federal Rule of Civil Procedure 30(b)(6) corporate deposition notice on Siemens Canada.  (Id.)  In response, Siemens Canada filed a Renewed Motion to Dismiss for Lack of Personal Jurisdiction on June 19, 2012.  (Doc. No. 42.)  The Court held a hearing on the motion on July 31, 2012 and took the matter under advisement.  (Doc. No. 50.)

While Siemens Canada's motion to dismiss was still under advisement with the Court, Steris served on counsel for Siemens Canada a Second Amended  Rule 30(b)(6) Deposition Notice and a Subpoena.  (Doc. No. 70, Ex. B.)  On September 10, 2012, Siemens Canada filed a Motion for Protective Order seeking to stay discovery directed to Siemens Canada until the Court ruled on its Motion to Dismiss.  (Doc. No. 51.)  Chief

Magistrate Judge Boylan heard argument from counsel regarding Siemens Canada's Motion for Protective Order on September 25, 2012. (Doc. No. 62.) That same day, Chief Magistrate Judge Boylan issued an Order denying Siemens Canada's Motion for Protective Order and granting Steris' request to proceed with a Rule 30(b)(6) deposition of Siemens Canada. (Doc. No. 63.) Siemens Canada filed an Objection to the Order on October 5, 2012. (Doc. No. 69.) On October 19, 2012, this Court issued an Order granting Siemens Canada's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 76.)

## II. DISCUSSION

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

On October 19, 2012, the Court issued an Order finding that it lacked personal jurisdiction over Siemens Canada and dismissed it as a party to this action. As a result, Steris' request to take a Federal Rule of Civil Procedure 30(b)(6) corporate deposition of

Siemens Canada is now moot. Chief Magistrate Judge Boylan did not have the benefit of the Court's ruling on Siemens Canada's motion to dismiss when he issued his Order on September 25, 2012. Having found that the Court lacks jurisdiction over Siemens Canada, the Court determines that Siemens Canada's Motion for a Protective Order is moot. The Court therefore respectfully declines to adopt Magistrate Judge Boylan's September 25, 2012 Order and finds that Siemens Canada's Objection is moot. In the absence of personal jurisdiction and the dismissal of Siemens Canada as a party, any deposition of Siemens Canada personnel will have to be noticed under the Hague Convention's rules regarding discovery against third parties in Canada.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Siemens Canada Limited's Objection (Doc. No. 69) to the Magistrate Judge's September 25, 2012 Order (Doc. No. 63) is **MOOT**.

2. The Court respectfully declines to adopt Chief Magistrate Judge Boylan's September 25, 2012 Order (Doc. No. 63).

3. Steris' request to proceed with a Rule 30(b)(6) deposition of Siemens Canada is **DENIED AS MOOT**.

4. Steris' request for sanctions against Siemens Canada is **DENIED**.

5. Siemens Canada's Motion for a Protective Order (Doc. No. 51) is **DENIED AS MOOT.**


Dated: October 22, 2012          s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge